IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL, INC.** | § § § | Case No. _____ |
| and | § § | |
| **INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,** | § § § § | |
| Petitioners, | § § | |
| v. | § § | |
| **DIMENSIONS INTERNATIONAL, INC.,** | § § | *On appeal from the United* |
| and | § § | *United States Department of Labor,* *Benefits Review Board,* |
| **ACE AMERICAN INSURANCE COMPANY,** | § § | *BRB No.08-0689, and* *Office of Administrative* |
| **JASON HOLGUIN,** | § § | *Law Judges,* *OALJ No. 2008-LDA-00052,* |
| and | § § | *OALJ No. 2008-LDA-00053,* *OWCP No. 02-147312,* |
| **DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,** | § § § | *OWCP No. 02-164395.* |
| Respondents. | § § | |

### NOTICE OF APPEAL

Service Employees International, Inc. ("SEII") and Insurance Company of the State of Pennsylvania (collectively "Petitioners") hereby file this Notice of Appeal and request that the Court to review the April 16, 2009 Decision and Order of the Benefits Review Board ("BRB") and the January 8, 2013 Order on Remand of Administrative Law Judge ("ALJ") Clement Kennington.

## I. INTRODUCTION

This case arises under the Defense Base Act ("DBA"), 42 U.S.C. § 1651 *et seq.*, because Respondent Claimant Jason Holguin was injured while working on military bases in Iraq and Afghanistan. The provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA") apply to injuries arising under the DBA. *Id.* § 1651(a).

Pursuant to Section 21(c) of the LHWCA,

> [a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.

33 U.S.C. § 921(c). "Upon such filing, the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified." *Id.*

Judicial proceedings provided in Section 21 of the LHWCA "shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved if his office is located in a judicial district." 42 U.S.C. § 1653(b). The LHWCA provision for circuit court review is specifically modified by the DBA. *See AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111, 1116-17 (5th Cir. 1991), *cert. denied*, 502 U.S. 906 (1991). Because the District Director for the Eighth Compensation District[1] is an interested party here, and his office, which was involved in this claim, is located

---

[1] The District Director of the United States Department of Labor, Office of Workers' Compensation Programs, Eighth Compensation District, is David Widener. His address is Mickey Leland Federal Building, 1919 Smith Street., Suite 870, Houston, Texas 77002.

in Houston, Texas, the United States District Court for the Southern District of Texas is the appropriate venue.

The Court has jurisdiction to review this appeal because the District Director served ALJ Kennington's Order on Remand ("ALJ Order") on the parties on March 28, 2013, and this Notice of Appeal is timely filed because it is within thirty (30) days of the District Director's service of the ALJ Order. *See* 42 U.S.C. § 1653(b); *see* 33 U.S.C. § 921(a) ("A compensation order shall become effective when filed in the office of the deputy commissioner . . . and . . . shall become final at the expiration of the thirtieth day thereafter").

Furthermore, ALJ Kennington's initial June 5, 2008 Decision and Order ("ALJ D&O") was filed in, and served on the parties by, the District Director on June 9, 2008. 42 U.S.C. § 1653(b); *see also Eysselinck v. Dir., OWCP*, No. H-07-4589, 2009 WL 677137 (S.D. Tex. March 11, 2009); *AFIA/CIGNA World Wide v. Felkner*, 930 F.2d 1111, 1116 (5th Cir. 1991). Petitioners filed a Notice of Appeal with the District Court on September 4, 2009, which was timely because it was within sixty (60) days of July 10, 2009, the date the BRB issued its Order on Motion for Reconsideration. *See* 33 U.S.C. § 921(c); *see also* 20 C.F.R. § 802.410(a).

## II. STATEMENT OF FACTS

On February 11, 2005, Claimant Jason Holguin ("Holguin")[2] began working for Respondent Dimensions International ("Dimensions")[3] in Iraq. Ex. A at 4. He injured his low back on September 4, 2005 while installing a belly passenger blast pan into a vehicle. *Id.* Despite undergoing conservative treatment, Holguin continued to experience severe low back

---

[2] Claimant Jason Holguin is represented by Michael N. Cokins, Esq., LAW OFFICES OF DENNIS L. BROWN, P.C., 24 Greenway Plaza, Suite 1818, Houston, Texas 77046.
[3] Respondent Employer Dimensions International and Carrier Ace American Insurance Company are represented by Keith L. Flicker, Esq., FLICKER, GARELICK & ASSOCIATES, 45 Broadway, New York, New York 10006.

3

pain, and on September 28, 2005, Dimensions granted him a medical leave of absence to return to the United States.  *Id.*

Holguin sought treatment for his low back in October 2005, and an MRI taken on October 31, 2005 revealed "a broad based central disc protrusion at L5-S1 with no evidence of nerve root compression and mild loss of disc space and disk desiccation."  *Id.* at 5.  Holguin underwent a caudal neuroplasty, but this surgical procedure did not alleviate his pain.  *Id.*  Thereafter, Holguin's treating physicians recommended he undergo a discogram, which is a diagnostic test to evaluate back pain, but Dimensions refused to authorize this treatment.  *Id.*

Holguin continued to experience back pain, especially when not taking pain medication.  *Id.*  During the fall of 2006, Dimensions "suggested" that he return to work, and upon this "suggestion," Holguin applied to an employment position for Petitioner Service Employees International, Inc. ("SEII").[4]  *Id.*  On June 1, 2007, Holguin underwent a functional capacity evaluation and was restricted from lifting no more than fifty pounds, and thereafter his treating physician released him to return to work.  *Id.*

Prior to his employment for SEII, Holguin informed SEII of his prior injury while working for Dimensions.  *Id.*  He underwent a medical examination and provided documentation that his treating physician released him to return to work.  *Id.*  However, Holguin still continued to experience pain in his low back.  *Id.*  Upon arriving in Afghanistan, Holguin was "stiff and sore" from the flight.  *Id.*  On June 23, 2007, Holguin began his first work shift for SEII threading pipe, but shortly thereafter, he began to experience "increased pain as he bent over the threading machine," which intensified "[a]bout 15 minutes later."  *Id.* at 5-6.  He continued to

---

[4] Petitioners are represented by undersigned counsel.

work, and after "a total of about 30 to 45 minutes," sought medical treatment and never returned to work. *Id.* at 6.

Holguin filed a claim for benefits against Dimensions, SEII, and their respective insurance carriers pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA") and the Defense Base Act ("DBA"). *Id.* at 2. The Administrative Law Judge ("ALJ") held a formal hearing on February 12, 2008. *Id.* In the Decision and Order issued on June 5, 2008 ("ALJ D&O"), the ALJ determined that Holguin was entitled to temporary total disability compensation and medical benefits, and that Dimensions and its insurance carrier ACE American Insurance Co. ("ACE") were responsible for providing these benefits. *Id.* at 18-19. The ALJ explained that in applying the "two injury rule," he found Dimensions to be the responsible employer because the subsequent injury with SEII on June 23, 2007 was only a natural progression, and not an aggravation, of the prior injury on September 4, 2005. *Id.* at 13-14.

Dimensions/ACE appealed the ALJ D&O to the Benefits Review Board ("BRB"), arguing that the ALJ erred in applying the "two injury rule." Ex. B at 2. The BRB reversed the ALJ D&O finding that the ALJ erred in applying the law because substantial evidence supported that Petitioners were responsible for disability benefits, and remanded the claim to the ALJ to determine any unresolved issues due to the reversal. *Id.* at 7-8. Petitioners moved the BRB to reconsider its Decision and Order ("BRB D&O"), but the BRB denied the motion for reconsideration *en banc*. Ex. C at 1.

Petitioners appealed the BRB D&O to the District Court, arguing that the BRB erred in reversing the ALJ's finding that Dimensions and ACE were the responsible employer. Ex. D at 6. However, Judge Ellison dismissed the appeal without prejudice on December 13, 2010

pursuant to Fed. R. Civ P. 12(b)(1) for a lack of subject matter jurisdiction because the BRB D&O was not a final order as there were other issues for the ALJ to resolve. *Id.* at 6-8. Specifically, the BRB remanded the issues of average weekly wage and Dimensions/ACE's responsibility for benefits during Holguin's employment for SEII. *Id.*

Thereafter, this case was scheduled for a formal hearing before the ALJ to resolve the remaining issues, but on January 8, 2013, the ALJ cancelled the hearing due to a stipulation by the parties and issued factual findings that Holguin's average weekly wage was $2,688.00 and that Dimensions/ACE's responsibility for benefits terminated as of June 20, 2007. Ex. E at 2.

After the issuance of ALJ Kennington's Order on Remand on January 8, 2013, the Office of Administrative Law Judges sent a copy of the Order to the District Director's Office, but although his office received the Order on January 14, 2013, they did not serve the Order on the parties. Ex. F. Petitioners' counsel was not served the Order. *Id.* Upon a request to ALJ Kennington's clerk, Petitioners' counsel received the Order via facsimile on February 8, 2013, but that transmission did not include a service sheet. *Id.*

On March 12, 2013, Petitioners' counsel was informed for the first time that a service sheet of the Order existed, and they immediately requested and received the service sheet from ALJ Kennington's clerk via facsimile. *Id.* Upon reviewing the service sheet, Petitioners' counsel unexpectedly discovered that they were included in the service sheet because, contrary to the service sheet, they never received a copy of the Order on Remand from the Office of Administrative Law Judges through regular mail. *Id.*

On March 25, 2013, Petitioners' counsel requested that the District Director serve the Order on Remand on the parties via certified mail and filed a Notice of Appeal with the BRB to preserve the timeliness of appeal, if any. Ex. G-H.

Due to the unique procedural facts in this case, Petitioners filed a protective Petition for Review in case number 4:09-cv-02878 on March 27, 2013, requesting that Judge Ellison review the BRB D&O and the ALJ Order. Ex. I. That case, however, remains a closed case and is still inactive. Ex. J.

On March 28, 2013, the District Director served the ALJ Order on the parties. Ex. K.

On April 3, 2013, the Solicitor's Office informed Petitioners that they will oppose the Petition because it was premature as it was filed prior to the District Director's service of the ALJ Order. Ex. L.

Petitioners, on April 8, 2013, filed a second Notice of Appeal with the BRB specifically referencing the District Director's recent service of the ALJ Order on March 28, 2013. Ex. M.

### III. LEGAL ARGUMENT

**A. The Court should review Petitioners' appeal because the BRB D&O is now a final order due to the ALJ's recent factual findings on average weekly wage and Dimensions/ACE's responsibility for temporary total disability benefits during Holguin's employment for SEII that disposed of the previously unresolved issues.**

In the Order issued on December 13, 2010, Judge Ellison determined that the BRB D&O was not a final order, and thus, it lacked subject matter jurisdiction and dismissed Petitioner's appeal. Ex. D. at 6-8. Judge Ellison explained that because the BRB concluded that SEII was the responsible employer, but the ALJ made factual findings on the basis that Dimensions was the responsible employer, it was necessary that the ALJ make additional factual findings on remand, given the BRB's reversal, for the BRB D&O to be final. *Id.* at 5-6.

Specifically, Judge Ellison identified two "unresolved issues" that the ALJ did not address after the BRB's remand of this claim: Holguin's average weekly wage and Dimensions/ACE's responsibility for temporary total disability benefits during Holguin's

7

employment with SEII. *Id.* at 5. Upon the BRB's conclusion that SEII was the responsible employer, there was no factual finding as to Holguin's average weekly wage because the average weekly wage calculated by the ALJ was based on Holguin's employment with Dimensions, not his employment with SEII. *Id.* Similarly, because the BRB determined that Dimensions was not the responsible employer, Dimensions could only be responsible for benefits up to June 23, 2007, the date of Holguin's subsequent injury with SEII. *Id.*

These issues, however, were resolved in the ALJ's Order on Remand, issued on January 8, 2013, in which the ALJ determined that Holguin's average weekly wage was $2,688.00 and that Dimensions/ACE's responsibility for benefits terminated as of June 20, 2007. Ex. E at 2. Judge Ellison indeed noted that "[o]nce the ALJ has entered his second order in this case, the parties may subsequently appeal not only the Board's affirmance of the ALJ's second order – which would then be a final order – but also the propriety of the Board's April 16, 2009 remand order to the ALJ." Ex. D at 10. As the issues identified in Judge Ellison's Order were addressed by the ALJ and no unresolved issues remain, the BRB D&O is a final order, and thus, the Court has appellate jurisdiction to review it.

### B. The Court has jurisdiction of this case because it is futile for the BRB to review the ALJ Order as there is nothing for the BRB to review.

It is true, however, that the BRB did not review the ALJ's Order on Remand, but the Court nonetheless has jurisdiction in this case because it would be futile for Petitioner to appeal the ALJ's Order on Remand to the BRB, and the United States Circuit Courts have interpreted the LHWCA to permit a petitioner to appeal directly to a federal court and bypass the BRB in the case of futility.

The Ninth Circuit held that it had jurisdiction to review a claim in which the ALJ's decision was not appealed to the BRB. *See Nat'l Steel & Shipbuilding v. Dir., OWCP*, 703 F.2d 417, 418-19 (9th Cir. 1983). In *National Steel*, which is factually similar to this case, the employer/carrier appealed a BRB decision, but the Ninth Circuit dismissed the appeal due to lack of jurisdiction because the BRB's reversal of the ALJ decision created unresolved issues and as such, was not a final order. *Id.* at 418. Thereafter, the ALJ issued a second decision addressing the remanded issues, but the employer/carrier did not appeal this decision to the BRB within the thirty-day time frame, and instead, appealed the decision directly to the Ninth Circuit. *Id.*

Nonetheless, the Ninth Circuit concluded that it had jurisdiction because the second decision was a final order, and it would be futile to require the employer/carrier to appeal to the BRB as "a summary affirmance adhering to a previous ruling in the same case may properly be viewed as a purely ministerial act." *Id.* at 418-19. In that case, the Ninth Circuit's review was appropriate because "[w]hen [the employer/carrier] filed its current petition for review, the time for further review before the BRB had passed and neither side had appealed to the Board," and as such, "[t]he threat of confusion arising from concurrent jurisdiction no longer exists." *Id.* Moreover, "[t]he very uncertainties that caused [the court] to dismiss [the employer/carrier]'s prior appeal ha[d] [then] been permanently laid to rest." *Id.* at 418.

The Third Circuit also held that futility permits a party to bypass the BRB and to petition the federal court directly, but only if there is no threat of concurrent jurisdiction. *See Elliot Coal Mining Company, Inc. v. Dir., OWCP*, 956 F.2d 448, 449 (3d Cir. 1992). That court dismissed the petitioner's appeal because the ALJ's second decision was not yet a final order due to the fact that the petitioner filed a concurrent appeal with the BRB, and the BRB had not yet issued a decision. *Id.*

That case, however, is distinguishable from the present case because although an appeal was filed with the BRB, there is no "threat of confusion from concurrent jurisdiction" here. Unlike *Elliot Coal Mining*, where there was an appealable issue before the BRB, there are no appealable issues for the BRB to review arising out of the ALJ Order.  The two unresolved issues that the BRB previously remanded to the ALJ, Holguin's average weekly wage and Dimensions/ACE's responsibility for temporary total disability benefits during Holguin's employment with SEII, are not appealable because the parties stipulated to these facts, which comprised all of the ALJ's factual findings in the Order on Remand.  Ex. E.

The sole issue now is whether Petitioners are not the responsible employer/carrier in this claim.  The BRB has already considered the responsible employer/carrier issue twice.  It reversed the ALJ D&O, finding Petitioners to be the responsible employer/carrier, and then affirmed its D&O on reconsideration *en banc*.  The BRB cannot now review the issue of responsible employer/carrier because this issue was not remanded to the ALJ, and as such, was not addressed in the ALJ Order.

For these reasons, there is nothing for the BRB to review.  The BRB cannot issue anything beyond "a summary affirmance" of the ALJ Order.  Thus, it would be futile for Petitioners to seek relief from the BRB, and requiring Petitioners to pursue an appeal before the BRB would cause undue delay.

//
//
//

## IV.  CONCLUSION

For the reasons discussed above, Petitioners respectfully pray that this Honorable Court issue a briefing schedule for Petitioners to present their basis for this appeal.

Respectfully submitted,

/s/ James L. Azzarello, Jr.
James L. Azzarello, Jr.
Texas Bar No.:  24027048
S.D. Tex. No.:  31670
Richard F. Flood
Illinois ARDC: 6309014
S.D. Tex. No.: 1803387
190 South LaSalle Street, Suite 450
Chicago, Illinois 60603
Telephone: (312) 216-8828
Facsimile:  (312) 277-3236

**ATTORNEYS FOR PETITIONERS**

OF COUNSEL:
KELLEY, KRONENBERG, GILMARTIN, FICHTEL, WANDER, BAMDAS, ESKALYO & DUNBRACK, P.A.